COLUMBUS BAR ASSOCIATION *v.* VOGEL.

[Cite as *Columbus Bar Assn. v. Vogel,* 117
Ohio St.3d 108, 2008-Ohio-504.]

(No. 2007–1592—Submitted October 9, 2007—Decided February 14, 2008.)

---

**Per Curiam.**

{¶ 1} Respondent, John William Vogel of Columbus, Ohio, Attorney Registration No. 0071169, was admitted to the Ohio bar in 1999. On May 9, 2007, relator, Columbus Bar Association, filed an amended complaint charging respondent with several violations of the Code of Professional Responsibility and the Ohio Rules of Professional Conduct. Respondent answered the amended complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on June 21 and 22, 2007. The panel then made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

{¶ 2} The board recommends that we suspend respondent from the practice of law for two years, with the second year stayed on conditions. We adopt the board's findings of misconduct and recommended sanction.

### Misconduct

#### Count One—Judge Brunner Grievance

{¶ 3} In late 2004 and early 2005, respondent represented Bon Jovi Winbush against a series of armed-robbery charges. The trial court had originally appointed Larry Ezell to represent Winbush. Respondent volunteered to assist Ezell as co-counsel, but was never appointed as Winbush's counsel.

{¶ 4} After Winbush's trial began in November 2004, the Franklin County Prosecutor's Office disclosed the existence of fingerprint evidence that should have been disclosed to the defense, but had not been. The assistant prosecutor assigned to the case, Fred Mann, informed the court and defense counsel of the omission, and the judge declared a mistrial.

{¶ 5} Respondent filed a motion to suppress the fingerprint evidence. At the hearing on that motion, respondent alleged that the assistant prosecutor was either lying or incompetent concerning the failure to disclose the fingerprint evidence.

{¶ 6} At the same hearing, the judge, Judge Jennifer Brunner, observed that Winbush was charged with first-, second-, and third-degree felonies and that Ezell, who was qualified only for appointment on fourth- and fifth-degree felonies, was ineligible to serve as appointed counsel. Discovering also that respondent was not on the appointed-counsel list for Franklin County, Judge Brunner vacated Ezell's appointment and, over respondent's objection, removed them both from the case. She then appointed Larry Thomas as counsel for Winbush.

{¶ 7} Before a hearing in the Winbush matter in February 2005, respondent accosted Thomas outside the courtroom. According to Thomas, respondent behaved in a threatening and intimidating manner.

{¶ 8} After Thomas was appointed, respondent, having entered into a retainer agreement to represent Winbush, filed a notice of appearance and substitution of counsel in each of Winbush's cases. However, at a March 23, 2005 hearing, Judge Brunner struck respondent's filing because it contained a certificate of service that falsely stated the date of mailing. Respondent did not appear at the hearing, and it appears that Judge Brunner had no knowledge of the retainer agreement.

{¶ 9} Following the trial court's rejection of his notice of appearance and substitution of counsel, respondent appeared at a hearing on April 4, 2005, and disrupted the proceedings by insisting that he—rather than Thomas—was counsel for Winbush. Judge Brunner informed respondent that he was not entitled to represent Winbush because he had not entered a proper appearance, and she warned respondent that he would be jailed if he failed to sit down. Respondent then extended his wrists to a deputy sheriff for the purpose of being handcuffed and replied: "If that's what you've got to do, Ma'am."

{¶ 10} Judge Brunner found respondent in criminal contempt, and he was taken into custody and incarcerated. Respondent gave an interview from jail to the Columbus Dispatch during which he said, "Courtrooms get a little rough-and-tumble sometimes. A judge has to be able to accept that or pass the robe on to another judge."

{¶ 11} Three days after that hearing, Judge Brunner held a hearing so that respondent could purge his contempt by assuring the court that he would no longer interfere in the Winbush proceedings. Judge Brunner had told the sheriff's office that she wanted respondent to be brought to court wearing the suit he had been wearing when he was taken into custody. Respondent later claimed that he did not receive this instruction, and he appeared before Judge

Brunner in his jail overalls. But rather than giving that explanation when Judge Brunner asked about his attire, respondent simply stated, "I'm very proud to be wearing the uniform that I am wearing presently, your Honor."

{¶ 12} Nevertheless, Judge Brunner gave respondent an opportunity to purge himself of contempt. Respondent offered to apologize to the court, but only if he was allowed to represent Winbush. After a lengthy colloquy between respondent and Judge Brunner, respondent said, "This is an attempt to force this young man [Winbush] to make a plea for ten years to something that he didn't do. And forgive me, but this is a result of collusion between yourself and the prosecutor's office."[1]

{¶ 13} As a result of this remark, Judge Brunner again found respondent in criminal contempt and sentenced him to 40 days in jail. Respondent served his entire sentence and refused all opportunity to purge himself of the contempt.

{¶ 14} As to Count One, the board found that respondent had violated Gov.Bar R. IV(2) (requiring lawyers to maintain a respectful attitude toward the courts), DR 1–102(A)(5) (prohibiting conduct prejudicial to the administration of justice), 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law), 7–106(C)(6) (prohibiting a lawyer from engaging in undignified or discourteous conduct that is degrading to a tribunal), and 8–102(B) (prohibiting a lawyer from knowingly making false accusations against a judge or other adjudicatory officer).

### Count Two—Judge Reece Grievance

{¶ 15} The charges in Count Two arise out of respondent's representation of a criminal defendant in a trial in late January and early February 2007 before Judge Guy L. Reece II.

{¶ 16} During the trial, apparently in anticipation of a separation-of-witnesses order, respondent prepared subpoenas for two persons, to prevent them from attending the trial. When respondent's strategy was brought to Judge Reece's attention, the judge prohibited respondent from serving the subpoenas. When asked, respondent informed the judge that the subpoenas had been destroyed.

{¶ 17} Thereafter, Judge Reece reconsidered and agreed to allow respondent to subpoena the two persons. When the subpoenas were served, it was discovered that they were the very ones that respondent had told Judge Reece had been destroyed. When confronted with this issue, respondent claimed that he thought he had destroyed the subpoenas but found them shortly after he was told that he

---

1. Winbush ultimately pleaded guilty, and in an interview with the Dispatch, he confessed to the robberies.

could call the persons as witnesses. Rather than reissue new subpoenas, respondent explained, he served the original ones.

{¶ 18} Respondent also had repeatedly engaged in demonstrative and melodramatic reactions to adverse rulings and certain witnesses' testimony. Despite admonitions from the trial court, respondent continued this conduct throughout the trial.

{¶ 19} After the trial, Judge Reece took up the issue of respondent's conduct and found that in connection with the subpoenas, respondent had committed a fraud on the court. Respondent was found in contempt and given the option of paying a $500 fine or spending two days in jail. Respondent paid the fine. In yet another interview with the Dispatch, respondent was quoted as saying that his punishment was "nothing but retaliation on the part of prosecutors and because of liars they put on the stand." Respondent testified before the panel that he had been misquoted and that what he had referred to as retaliation was the prosecution's proposal to seek a new indictment.

{¶ 20} On Count Two, the board found that respondent had violated Gov.Bar R. IV(2), and DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1–102(A)(5). The board also found that respondent had violated the following Ohio Rules of Professional Conduct for misconduct occurring on or after February 1, 2007: Prof.Cond.R. 8.4(d) (prohibiting conduct prejudicial to the administration of justice) and 8.4(h) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law).[2]

## Recommended Sanction

{¶ 21} In recommending a sanction, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 22} As aggravating factors, the board found that respondent had committed multiple offenses and that there was a pattern of misconduct. BCGD Proc.Reg. 10(B)(1)(d) and (c). The board also concluded that respondent had acted with a dishonest motive when he falsely told Judge Reece that he had destroyed the subpoenas and that he acted with a selfish motive in promoting himself as a fearless and aggressive criminal-defense advocate. BCGD Proc.Reg. 10(B)(1)(b).

{¶ 23} In mitigation, the board found that respondent had no prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a). The board also noted that respondent

---

2. Because the events resulting in Count Two occurred before and after the effective date of the Rules of Professional Conduct, relator alleged violations of both those rules and the Code of Professional Responsibility.

largely acknowledged and expressed remorse for his misconduct in connection with Count One.

{¶ 24} Relator argued that respondent should be suspended from the practice of law for two years, with the final six months stayed. The panel recommended that respondent be suspended for two years, with the second year stayed on the condition that respondent submit to the appointment of a monitor. The board adopted the panel's recommendation.

## Review

{¶ 25} Respondent does not challenge the board's findings of misconduct or the recommended sanction. We have reviewed the board's record and its report, and we agree that, as to Count One, respondent violated Gov.Bar R. IV(2) and DR 1-102(A)(5), 1-102(A)(6), 7-106(C)(6), and 8-102(B). As to Count Two, we find that respondent violated Gov.Bar R. IV(2), DR 1-102(A)(4) and 1-102(A)(5), and Prof.Cond.R. 8.4(d) and 8.4(h).

{¶ 26} We also accept the board's recommended sanction. In *Disciplinary Counsel v. LoDico*, 106 Ohio St.3d 229, 2005-Ohio-4630, 833 N.E.2d 1235, we imposed an 18-month suspension, with six months conditionally stayed, on an attorney who engaged in unprofessional, undignified, and discourteous conduct before two common pleas court judges. Respondent's conduct here is more serious in that he lied to one judge during a trial and accused another judge of conspiring with the prosecutor to force an innocent defendant to plead guilty. Moreover, respondent made comments to the news media that impugned the integrity of the judicial process.

{¶ 27} The law demands that all counsel foster respect and dignity for those who administer and enforce the law. Conduct that is degrading and disrespectful to judges and fellow attorneys is neither zealous advocacy nor a legitimate trial tactic. Lying to a tribunal and making false accusations against judges and fellow attorneys can never be condoned. Attorneys must advocate within the rules of law and act with civility and professionalism. "Counsel must recognize that in every trial, the integrity of the process is as much at stake as are the interests of the accused." *LoDico* at ¶ 32, citing *Mayberry v. Pennsylvania* (1971), 400 U.S. 455, 468, 91 S.Ct. 499, 27 L.Ed.2d 532 (Burger, C.J., concurring).

{¶ 28} Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years, with the final 12 months stayed on the condition that respondent serve a 12-month probation pursuant to Gov.Bar R. V(9), including compliance with all terms imposed by a monitor appointed by relator. If respondent fails to comply with the conditions of the stay, the stay will be lifted

and respondent shall serve the entire two-year suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Bruce Campbell, A. Alysha Clous, Dennis W. McNamara, and Don Ruben, for relator.

Richard Parry, for respondent.