[Cite as *Bandaru v. State*, 2024-Ohio-1490.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kiran Kumar Bandaru et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 23AP-586 |
| v. | : | (Ct. of Cl. No. 2019-00852JD) |
| The State of Ohio et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on April 18, 2024

**On brief:** *Perantinides & Nolan Co., L.P.A., Paul G. Perantinides, Antonios P. Tsarouhas*, and *Courtney J. Sutton*; *The Sweeney Law Firm, LLC*, and *Sean M. Sweeney*, for appellants. **Argued:** *Sean M. Sweeney.*

**On brief:** *Dave Yost*, Attorney General, *Jeffrey L. Maloon*, and *Lauren D. Emery*, for appellees. **Argued:** *Lauren D. Emery.*

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiffs-appellants, Kiran Kumar Bandaru and Prasanthi Kumchala, appeal from an entry of the Court of Claims of Ohio granting the motion of defendant-appellee, The Ohio State University Wexner Medical Center ("OSU"), to strike appellants' motion for new trial as untimely. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On July 31, 2019, appellants filed a complaint against OSU for medical malpractice. The Court of Claims ordered the issues of liability and damages to be bifurcated for trial. In November 2022, the court conducted the liability trial.

Subsequently, on July 28, 2023, the court issued a decision finding that although appellants had established the treatment provided to Bandaru had breached the standard of care, appellants failed to show that treatment proximately caused any harm to Bandaru.

{¶ 3} The Court of Claims' decision entering judgment in favor of OSU was dated July 28, 2023, a Friday, at 2:44 p.m. However, the decision was not postmarked until the following Monday, July 31, 2023.

{¶ 4} On August 28, 2023, appellants filed a motion for new trial, pursuant to Civ.R. 59, requesting a new trial on the issue of proximate cause. OSU responded the next day with a motion to strike, arguing appellants' motion for new trial was untimely. Appellants filed a brief in opposition to OSU's motion to strike and argued the Court of Claims failed to note service of the judgment on the docket as required by Civ.R. 58, thus providing appellants additional time to file their motion for new trial.

{¶ 5} In a September 15, 2023 entry, the Court of Claims granted OSU's motion to strike, finding service of the decision was noted on the court's docket. The court found the time for filing a motion for new trial began to run on July 28, 2023, meaning appellants had until August 25, 2023 to timely file a motion for new trial. Because appellants did not file their motion for new trial until August 28, 2023, the court determined the motion was untimely and granted OSU's motion to strike. Appellants timely appeal.

## II. Assignment of Error

{¶ 6} Appellants assigns the following sole assignment of error for our review:

> The Court of Claims committed reversible error when it held notation of service of a judgment on a docket that is not externally visible complied with Civil Rule 58 and thereby granted the State of Ohio's Motion to Strike.

## III. Discussion

{¶ 7} In their sole assignment of error, appellants argue the Court of Claims erred in granting OSU's motion to strike.

{¶ 8} Generally, trial courts have inherent power to manage their own dockets and an appellate court will not reverse a trial court's decision to grant a motion to strike absent an abuse of discretion. *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 11, citing *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, ¶ 23, and *Embry v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 04AP-1374,

2005-Ohio-7021, ¶ 12.  An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *State ex rel. Deblase v. Ohio Ballot Bd.*, ___Ohio St.3d ___, 2023-Ohio-1823, ¶ 27.  Here, however, appellants argue the Court of Claims erred in finding their motion for new trial was untimely, pursuant to Civ.R. 59(B), and disagree with the court's interpretation and application of Civ.R. 58 and 59.  Questions of the application and interpretation of a statute present a question of law we review de novo.  *Turner v. Certainteed Corp.*, 155 Ohio St.3d 149, 2018-Ohio-3869, ¶ 11, citing *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, ¶ 8.

{¶ 9}  Civ.R. 59(A) provides that a trial court may grant a motion for new trial upon certain specified grounds.  In granting OSU's motion to strike appellants' motion for new trial, the Court of Claims found appellants' motion for new trial was untimely.  Civ.R. 59(B) sets forth the timeframe for a motion for new trial and provides:

> Except as otherwise provided by statute, a motion for a new trial * * * must be served within twenty-eight days of the entry of judgment or, if the clerk has not completed service of the notice of judgment within the three-day period described in Civ.R. 58(B), within twenty-eight days of the date when the clerk actually completes service.

Further, Civ.R. 58(B) provides, in pertinent part:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete.

In computing the period of time provided in the civil rules, Civ.R. 6(A) provides "[w]hen the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  With this framework, we must determine whether the Court of Claims erred in computing the deadline for appellants to file a motion for new trial under Civ.R. 59.

{¶ 10} There is no dispute the Court of Claims rendered judgment for OSU in a July 28, 2023 judgment entry.  Pursuant to Civ.R. 59(B), appellants had 28 days from the

entry of judgment to serve their motion for new trial. Thus, a motion for new trial was due on or before August 25, 2023. However, appellants did not file and serve their motion for new trial until August 28, 2023. OSU asserts the motion was untimely, having missed the deadline by three days. Appellants respond arguing their motion was timely based on the portion of Civ.R. 59(B) that delays the start of the 28-day timeframe until the clerk actually completes service. More specifically, appellants argue the court's clerk failed to note service on the appearance docket, as required by Civ.R. 58(B), and thus service was not completed until the court's clerk mailed the judgment entry on July 31, 2023. The sole issue, then, is whether the court's clerk noted service of the judgment entry on the appearance docket such that the court could be deemed to have completed service within three days of the issuance of the judgment entry as required by Civ.R. 58(B). As long as the court's clerk noted the service in the court's appearance docket, service was complete and the 28-day timeframe started to run on July 28, 2023.

{¶ 11} In the entry granting OSU's motion to strike, the Court of Claims found the clerk did, in fact, note service of the July 28, 2023 judgment entry on the court's appearance docket. Appellants do not dispute this finding and concede the court noted service in its internal appearance docket. Despite this acknowledgement, appellants argue we should nonetheless conclude the notation of service does not comply with Civ.R. 58(B) because the notation of service was on the court's internal appearance docket and did not appear on the court's externally available online docket. We disagree.

{¶ 12} Appellants argue the Court of Claims' use of what they deem an "internal docket" does not comply with Civ.R. 58(B). (Appellants' Brief at 9.) In so arguing, appellants misconstrue both the appearance docket system used by the court and the court's decision granting the motion to strike. At the court proceedings, appellants relied on a printout from the court's website to support their position that the trial court failed to note service on the appearance docket. Indeed, that document does not include a notation of service of the July 28, 2023 judgment entry. However, the parties agree the Court of Claims noted service on its appearance docket which the court maintains electronically. Though the appearance docket maintained by the court is different than the information posted to the court's public website, appellants do not suggest, and there is nothing in the record indicating, that the court's appearance docket is not actually available to the parties

or to the public. It simply is not available through the court's website. There is nothing in the plain language of Civ.R. 58(B) specifying what type of appearance docket a trial court must utilize, nor do appellants identify any other rule or authority requiring a trial court's appearance docket to be accessible online. Instead, the language of the rule requires the clerk to "note the service in the appearance docket." Civ.R. 58(B). There is no dispute here that the court's clerk noted the service in the appearance docket, and we will not read additional language into the rule that does not exist. *In re Certificate of Need Application for Project "Livingston Villa," Cuyahoga Cty.*, 10th Dist. No. 15AP-1146, 2017-Ohio-196, ¶ 38 ("[w]hen interpreting a statute, '[c]ourts may not delete words used or insert words not used' "), quoting *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 112, 2008-Ohio-511, ¶ 19. That the Court of Claims maintains its appearance docket in a format different from the court's website does not render its docketing system an "invisible docket," as appellants' suggest. (Appellants' Reply Brief at 4.)

{¶ 13} Thus, because the Court of Claims' clerk noted service in the appearance docket and served the judgment on the parties within three days of entering the judgment, we agree with the court that the date for calculating the timeliness of appellants' motion for new trial began to run on July 28, 2023, the date of the issuance of the judgment entry. Pursuant to the 28-day timeframe in Civ.R. 59(B), appellants' motion for new trial was due on or before August 25, 2023. As appellants did not file their motion for new trial until August 28, 2023, we agree with the Court of Claims that the motion failed to comply with the time requirements of Civ.R. 59(B) and was untimely.

{¶ 14} Additionally, where a motion for new trial is untimely, Civ.R. 6(B) prohibits the trial court from extending the time for filing a Civ.R. 59 motion. Civ.R. 6(B) (a trial court "may not extend the time for taking any action under Civ.R. 50(B), Civ.R. 59(B), Civ.R. 59(D), and Civ.R. 60(B), except to the extent and under the conditions stated in them"); *Good Knights Properties, L.L.C. v. Adam*, 6th Dist. No. L-14-1250, 2016-Ohio-33, ¶ 12, citing *Town & Country Drive-In Shopping Ctrs., Inc. v. Abraham*, 46 Ohio App.2d 262, 267 (10th Dist.1975) ("Civ.R. 6(B) absolutely prohibits the trial court from extending the time within which to file a motion for a new trial under Civ.R. 59(B)"); *Harrison v. Horizon Women's Healthcare, L.L.C.*, 2d Dist. No. 28154, 2019-Ohio-3528, ¶ 12 (the deadline in Civ.R. 59(B) is jurisdictional, and Civ.R. 6(B) prohibits a trial court from

extending the deadline). Thus, because appellants' motion for new trial did not comply with the time requirements of Civ.R. 59(B), the Court of Claims did not have discretion to extend the time for filing.

{¶ 15} We also reject appellants' argument that the Court of Claims deprived them of due process by failing to comply with Civ.R. 58(B). Having already determined, as explained above, the court satisfied the requirements of Civ.R. 58(B) when it noted service of the judgment on the appearance docket and served the judgment entry on the parties within three days of its issuance, appellants' argument that the court deprived them of due process lacks merit.

{¶ 16} Accordingly, the Court of Claims did not err in granting OSU's motion to strike appellants' motion for new trial. We overrule appellants' sole assignment of error.

## IV. Disposition

{¶ 17} Based on the foregoing reasons, the Court of Claims did not err in granting OSU's motion to strike appellants' motion for new trial as appellants' motion for new trial was untimely pursuant to Civ.R. 59(B). Having overruled appellants' sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

JAMISON and BOGGS, JJ., concur.

_____