[Cite as *State v. Bettis*, 2024-Ohio-5226.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | JUDGES: | |
| | : | Hon. William B. Hoffman, P.J. | |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. | |
| | : | Hon. Craig R. Baldwin., J. | |
| -vs- | : | | |
| | : | | |
| MERVIN G. BETTIS, | : | Case No. 2024 CA 00023 | |
| | : | | |
| Defendant - Appellant | : | O P I N I O N | |

CHARACTER OF PROCEEDING:           Appeal from the Licking County
                                   Court of Common Pleas, Case No.
                                   2023 CR 00784

JUDGMENT:                          Affirmed

DATE OF JUDGMENT:                  October 31, 2024

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JENNY WELLS                               BRIAN A. SMITH
Licking County Prosecuting Attorney       123 S. Miller Rd., Suite 250
                                          Akron, Ohio 44333
By: Kenneth W. Oswalt
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, Ohio 43055

*Baldwin, J.*

**{¶1}** The appellant appeals his conviction and sentence on the charge of first-degree misdemeanor theft. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On or about October 25, 2023, the appellant broke into a parked vehicle. The owner caught and confronted him, at which time he fled. Officers from the Pataskala Police Department located the appellant in his vehicle fleeing the scene. The appellant's vehicle did not display a license plate, and a traffic stop was initiated.

**{¶3}** The appellant initially denied being involved in the vehicle break-in. However, the victim's wallet, multiple credit cards, and phone were found in the appellant's vehicle, after which he admitted that he stole the items.

**{¶4}** The appellant was subsequently charged with the following: Count One, Breaking and Entering in violation of R.C. 2911.13(B), a fifth degree felony; Count Two, Theft in violation of R.C. 2913.02(A)(1), a fifth-degree felony; and, Count Three, Theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor. The appellant was arraigned and pleaded not guilty.

**{¶5}** The appellant thereafter entered into an agreement with the appellee. An "Admission of Guilt/No Contest" form was completed and filed on January 17, 2024, which referenced only the felonies with which the appellant had been charged in Counts One and Two. It did not reference the first-degree misdemeanor theft charge contained in Count Three. The form set forth the parties' jointly recommended sentence of twelve (12) months in prison, with eighty-four (84) days of jail credit.

**{¶6}** A change of plea hearing took place on January 17, 2024, following completion of the form. The trial court engaged in the requisite colloquy, explaining to the appellant the constitutional rights he was waiving by pleading no contest to all the charges against him. The following exchange took place during the hearing:

THE COURT:         Mr. Wick, would you please present the facts of the State's case against the Defendant?

MR. WICK:             Yes, Your Honor. On October 25, 2023, the Defendant broke into a vehicle parked at an address on Morse Road, Pataskala, Licking County, Ohio. The vehicle owner caught him breaking into the vehicle, confronted him; he fled. The officers from the Pataskala Police Department located the Defendant in his vehicle fleeing the scene. Sergeant Smith called for additional units. A Mazda, which was being driven by the Defendant, did not have a license plate. A traffic stop was initiated. Contact was made. Defendant indicated that the license plate kept falling off, and he kept it in the vehicle somewhere. The Defendant initially denied being involved in the matter; however, once a wallet belonging to the victim, [N.B.], was located along with multiple credit cards and a phone, Defendant admitted to having stolen the items. As a result, the State of Ohio believes that the Defendant is guilty of breaking and entering, theft as a felony of the fifth agree [sic] for his theft of credit cards, theft as a misdemeanor for the theft of the phone.

Thank you, Your Honor.

THE COURT:         Thank you, Mr. Wick.

BY THE COURT:

Q:      Mr. Bettis, do you agree with those facts that have been set forth by the State?

A:      Yes, sir.

*        *        *

Q:      Do you understand, Mr. Bettis, that should the Court permit you to change your plea here today, should the Court then enter guilty findings, generally all that would remain to be done is to proceed with sentencing, and the maximum sentence on these three counts would consist of a term of two years at a state penitentiary, a fine of $6,000, possibly some restitution, and up to two years of post-release control?

Do you understand that?

A:      Yes, sir.

*        *        *

THE COURT:        Now, Mr. Bettis, the Court finds your no contest pleas to be freely, voluntarily, and understandingly made. The Court finds the Defendant to be satisfied with services of counsel. The Court permits the Defendant to withdraw his earlier made pleas of not guilty, and I'll accept your no contest pleas. The Court further finds there's been a factual basis presented, that the Defendant agrees with those facts that have been presented, and the Court finds the Defendant to be guilty as charged as set forth in the three counts of the indictment.

Ms. See, is there anything you'd like to say on behalf of Mr. Bettis before the Court might impose any sentence here today?

MS. SEE:                Just briefly, Your Honor. We had prepared for trial today; however, Mr. Bettis has decided to plead no contest to the charges in order to avoid that process and resolve this case. Mr. Bettis is prepared to accept the sentence of the Court in this matter. With that being said, Mr. Bettis was not under any type of supervision when this case occurred, and while he does have some criminal history, he has not had any felony convictions since I believe 2011. We would just ask the Court to consider the 12 months discussed prior as a resolution in this matter, Your Honor.

Thank you.

THE COURT:        Thank you.

Mr. Bettis, is there anything you'd like to say on your own behalf before the Court imposes any sentence here?

DEFENDANT:        There isn't. No, sir.

{¶7}    The language utilized throughout the hearing addressed all three counts with which the appellant had been charged, including the Count Three misdemeanor charge. Neither the appellant nor his trial counsel objected to or otherwise commented on the numerous references to all three counts during the hearing, despite the fact that both were asked if they had anything to say regarding the proceedings and the appellant's pleas of no contest.

{¶8}    The trial court proceeded to sentence the appellant at the conclusion of the hearing, imposing "a term of one year in the state penitentiary on Count No. 1, one year

in the state penitentiary on Count No. 2, six months on Count No. 3 to run concurrently with each other for a one year prison term." Further, the trial court granted the appellant "84 days of jail time credit towards that 12 month sentence." This is precisely the sentence jointly recommended by the parties in the "Admission of Guilt/No Contest" form.

**{¶9}** The trial court filed a Judgment Entry on January 17, 2024, following the hearing, documenting the appellant's appearance at the hearing on three charges and his request for leave of court to waive his right to a jury trial and enter pleas of no contest to the charges against him. The Judgment Entry further documented the court's acceptance of the no contest pleas, and the appellant's sentence to "an aggregate term of one (1) year in the state penitentiary" with 84 days of jail credit.

**{¶10}** The appellant filed a timely Notice of Appeal in which he sets forth the following sole assignment of error:

**{¶11}** "I. APPELLANT'S CONVICTION AND SENTENCE ON COUNT THREE OF THE INDICTMENT, THEFT, A FIRST-DEGREE MISDEMEANOR, WAS CONTRARY TO LAW, BECAUSE APPELLANT DID NOT ENTER A NO CONTEST PLEA TO COUNT THREE OF THE INDICTMENT, IN VIOLATION OF APPELLANT'S RIGHTS TO TRIAL AND TO DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 5 AND 16 OF THE OHIO CONSTITUTION."

**{¶12}** The appellant submits that he did not enter a no contest plea to the Count Three misdemeanor charge, and as a result his conviction on said charge must be vacated. We disagree.

**STANDARD OF REVIEW**

"When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *State v. Dangler*, 2020-Ohio-2765, ¶ 13, citing *State v. Perry*, 2004-Ohio-297, ¶ 14-15; *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977); Crim.R. 52. However, the Supreme Court has recognized two exceptions to the "prejudice component of that rule in the criminal plea context." *Id.* at ¶ 14. The first one applies when a court "fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* The second is "a trial court's complete failure to comply with a portion of Crim.R.11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22.

"Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *Nero*, 56 Ohio St.3d 106, 108, (1990). "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*

*State v. Peterson*, 2024-Ohio-3276, ¶¶ 27-28. The trial court herein explained to the appellant the constitutional rights he was foregoing in pleading no contest to the charges against him, and otherwise complied with the provisions of Crim.R. 11(C). Thus, he is not

entitled to have his no contest plea to Count Three vacated unless he satisfies his burden to show prejudice.

## ANALYSIS

**{¶13}** Crim.R. 11 addresses pleas and rights upon pleas, and states in pertinent part:

> **(A)** **Pleas.** A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest. A plea of not guilty by reason of insanity shall be made in writing by either the defendant or the defendant's attorney. All other pleas may be made orally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A)….

> **(B)** **Effect of Guilty or No Contest Pleas.** With reference to the offense or offenses to which the plea is entered:

> (1) The plea of guilty is a complete admission of the defendant's guilt.

> (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

> (3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim. R. 32.

> **(C)** **Pleas of Guilty and No Contest in Felony Cases.**

*       *       *

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*       *       *

If the indictment contains no specification, and a plea of guilty or no contest to the charge is accepted, the court shall impose the sentence provided by law.

* * *

(4) With respect to all other cases the court need not take testimony upon a plea of guilty or no contest.

**(D) Misdemeanor Cases Involving Serious Offenses.** In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily….

* * *

**(F) Negotiated Plea Cases.** When a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court. To the extent required by Article I, Section 10a of the Ohio Constitution or by the Revised Code, before accepting the plea, the trial court shall allow an alleged victim of the crime to raise any objection to the terms of the plea agreement.

**{¶14}** The trial court engaged in the requisite colloquy with the appellant in compliance with Crim.R. 11(C). Thus, the pertinent question is whether the appellant has been prejudiced by some failure on the part of the trial court.

**{¶15}** The facts in *Peterson,* supra, are analogous to the facts herein. In *Peterson*, the defendant initially pleaded not guilty to several charges, but thereafter changed his plea. During the change of plea hearing the trial court addressed the counts to which the

defendant was pleading guilty, and also discussed the defendant's agreement to forfeit $1,032. The defendant was found guilty of the charges for which he changed his plea, and his sentence included forfeiture of $1,032.  The defendant appealed, arguing, inter alia, that forfeiture was improper because there was no reference to forfeiture in the written plea agreement, and that the court of appeals should "defer to the written plea and determine that forfeiture was not part of any agreement." *Id.* at ¶38. The court of appeals disagreed, stating:

> Peterson claims that the State failed to comply with the requirements in the forfeiture statutes in executing the forfeitures. "Questions of the application and interpretation of a statute present a question of law we review de novo." *Bandaru v. State*, 2024-Ohio-1490, ¶ 8 (10th Dist.), citing *Turner v. Certainteed Corp.*, 2018-Ohio-3869, ¶ 11. However, Peterson never objected to any such alleged failures during his change-of-plea hearing, which means we employ a plain error analysis. *State v. West*, 2022-Ohio-1556, ¶ 22, citing *State v. Rogers*, 2015-Ohio-2459, ¶ 21-22. Under a plain error analysis, "the defendant bears the burden of 'showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice.' " *Id.*, quoting *State v. Quarterman*, 2014-Ohio-4034, ¶ 16. "An appellate court has discretion to notice plain error and therefore 'is not required to correct it.' " *Id.*, citing *Rogers* at ¶ 23.

*Id.* at ¶44.

**{¶16}** Neither the appellant nor his trial counsel objected to the trial court's repeated references during the change of plea hearing to all three counts, including the first-degree misdemeanor count. Thus, the appellant must show that but for a plain or obvious error, the outcome of the proceedings would have been different, and reversal is necessary to correct a manifest miscarriage of justice. The appellant has failed to meet this burden, particularly in light of the numerous references to all three counts during the hearing and the fact that neither the appellant nor his trial counsel sought to correct the same.

**{¶17}** The *Peterson* court went on the state:

. . . Rather, critical in determining whether the forfeiture is permissible is whether there is evidence that the forfeiture was part of the defendant's plea agreement. . . . Consequently, even absent an indication in a written plea agreement that forfeiture is part of the plea, if other evidence shows that the forfeiture was part of the plea, compliance with statutory requirements for forfeiture is unnecessary. Therefore, the trial court did not err, let alone commit plain error, in finding that Peterson's plea included forfeiture of the $1,032 even though it was not reflected in a written plea agreement.

Written documents aside, Peterson also asserts that there is no evidence in the record that forfeiture of the $1,032 was part of his guilty plea. In addition to counts 4 and 5, Peterson also pleaded guilty to counts 9 and 10. Each of those counts included a specification indicating that Peterson would forfeit $1,032. Moreover, during the change-of-plea hearing, the court several times alluded to the fact that Peterson's plea

agreement included the forfeiture of $1,032 that was confiscated as contraband when he was arrested. Peterson never objected to the forfeiture. In fact, in its initial discussion about the forfeiture being part of Peterson's guilty plea, the court mistakenly stated that the amount of the forfeiture was $132, which resulted in the following exchange: Defense counsel: "Is it a $1,032 or $132?" Peterson: "Thousand." Court: "No, I am sorry it is $1,032."

If Peterson did not believe that his plea included a forfeiture of $1,032, then he had ample opportunity to object but neither he nor his attorney did so. Therefore, we find the record supports that Peterson understood that forfeiture of the $1,032 was part of his plea agreement. Accordingly, we reject his argument that his guilty plea did not include forfeiture of $1,032.

*Id.* at ¶48-50.

**{¶18}** Similarly, the appellant and his attorney had ample opportunity to correct the trial court regarding his no contest plea to Count Three during the change of plea hearing. Neither did so. Thus, we may employ a plain error analysis. Under this analysis, the appellant bears the burden of showing that but for a plain or obvious error the outcome of the proceeding would have been otherwise, and reversal is necessary to correct a manifest miscarriage of justice.

**{¶19}** In this case, even absent a reference to Count Three in the "Admission of Guilt/No Contest" form, there is sufficient evidence on the record during the January 17, 2024, hearing that the appellant intended to plead to Count Three. The appellant has

failed to establish that the outcome of the proceedings would have been different, or that reversal is necessary to correct a manifest miscarriage of justice. The trial court did not err, let alone commit plain error, in finding that the appellant's no contest plea included Count Three even though it was not reflected in a written form, particularly since the outcome of the proceeding would not have differed, as the appellant was sentenced to an aggregate term of one year in prison with 84 days of jail time credit towards that 12 month sentence - precisely the sentence that was jointly recommended by the parties in the written form and referenced by appellant's counsel during the change of plea hearing.

## CONCLUSION

{¶20} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Licking County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.