[Cite as *State v. Peterson*, 2024-Ohio-3276.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 21CA3973 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| BRANON PETERSON, | : | |
| | : | **RELEASED: 08/20/2024** |
| Defendant-Appellant. | : | |

APPEARANCES:

L. Scott Petroff, Athens, Ohio, for appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay S. Willis, Assistant Scioto County Prosecutor, Portsmouth, Ohio, for appellee.

Wilkin, J.

**{¶1}** This is an appeal from a Scioto County Court of Common Pleas judgment entry that accepted appellant, Branon Peterson's ("Peterson") guilty plea to the following offenses, which are all third-degree felonies: (1) Count 4, having weapons while under a disability; (2) Count 5, tampering with evidence; (3) Count 9, possession of cocaine; and (4) Count 10, aggravated possession of drugs. Counts 9 and 10 included specifications that forfeited $1,032. Peterson asserts two assignments of error: (1) the trial court erred when it completely failed to comply with Crim.R. 11 by failing to advise him about the nature of the offense he was pleading to, and (2) the order of forfeiture was improper because it was not supported by the record.

{¶2} After reviewing the parties' arguments, the record, and the applicable law, we find that under the totality of the circumstances, the trial court substantially complied with advising Peterson of the nature of the charges against him. Therefore, because we find his plea was knowing, intelligent, and voluntary, we overrule Peterson's first assignment of error.

{¶3} Regarding his second assignment of error, we find that during his plea hearing, Peterson agreed to the forfeiture of $1,032, and he voluntarily relinquished the firearm. Having relinquished his right to challenge the forfeiture on appeal, we overrule his second assignment of error. Therefore, we affirm Peterson's guilty plea.

BACKGROUND

{¶4} On June 11, 2020, a grand jury indicted Peterson on 11 criminal counts in Case No. 20-CR-330(A), including: (a) Count 1, attempted murder in violation of R.C. 2903.02(A) and (D) and 2929.02(B), a first-degree felony, with a firearm specification pursuant to R.C. 2941.145(A); (b) Count 2, felonious assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a second-degree felony, with a firearm specification pursuant to R.C. 2941.145(A); (c) Counts 3 and 4, having weapons while under disability in violation of R.C. 2923.13(A)(2) and (B), both third-degree felonies, and both with a firearm specification pursuant to R.C. 2941.145(A); (d) Counts 5 and 6, tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), both third-degree felonies; (e) Count 7, possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(b), a fourth-degree felony with a specification forfeiting $1,032 pursuant to R.C. 2941.1417(A); (f) Count 8,

possession of a fentanyl-related compound in violation of R.C. 2925.11(A) and

(C)(11)(b), a fourth-degree felony with a specification forfeiting $1,032 pursuant

to R.C. 2941.1417(A); (g) Count 9, possession of cocaine in violation of R.C.

2925.11(A) and (C)(4)(c), a third-degree felony with a specification forfeiting

$1,032 pursuant to R.C. 2941.1417(A); (h) Count 10, aggravated possession of

drugs in violation of R.C. 2925.11(A) and (C)(1)(b), a third-degree felony with a

specification forfeiting $1,032 pursuant to R.C. 2941.1417(A) and (i) Count 11,

possession of a fentanyl-related compound pursuant to R.C. 2925.11(A) and

(C)(11)(b), a fourth-degree felony with a specification forfeiting $1,032 pursuant

to R.C. 2941.1417(A).

{¶5} On February 19, 2021, the court held a change of plea and

sentencing hearing.  The court indicated both Case No. 20-CR-330(A) (the case

on appeal herein) and Case No. 19-CR-1145 were before the court.  Both the

State and Peterson were represented by counsel. The court stated:

> It's my understanding that in case number 20-CR-330(A),
> that Mr. Peterson is entering a plea to Count 4, a charge of
> weapon under a disability a felony of the 3rd degree.  That he is
> entering a plea to Count 5, a charge of tampering with evidence a
> felony of the 3rd degree and Count 9, a charge of possession-is it
> just drugs-possession of cocaine a felony of the 3rd degree and
> that had a forfeiture specification.  And Count 10, aggravated
> possession of drugs a felony of the 3rd degree.  It's my
> understanding that we have an agreed sentence of six years.

The court also indicated that Peterson would be forfeiting $1,032 and that he would

be entitled to 462 days of jail-time credit.  Finally, Case Number 19-CR-1145 would

be dismissed.

{¶6} The state informed the court that it was dismissing the firearm specification for Count 4.

{¶7} The court then had the following colloquy with Peterson.

> I have got to go over two forms with you today, one is a maximum penalty form and the second is a waiver. If you have any question or you don't understand something, stop me and I will take time to answer any questions you might have. You are pleading today to four felonies of the 3rd degree. Count 4, Weapon under Disability a Felony 3. Count 5, Tampering with evidence a Felony 3. Count 9, Possession of Cocaine, Felony of the 3rd degree and County 10, Aggravated Possession of Drugs a Felony of the 3rd Degree. On a felony of the 3rd degree the maximum sentence is 36 months. In addition, I can impose court cost, order restitution or impose other financial sanctions which are probation fees. Do you have any questions for far?

Peterson confirmed that this was for Case No. 20-CR-330, to which the court said "[t]hat's the case that you will be pleading to and the other case will be dismissed." Peterson responded by stating "okay." The court asked Peterson if he had any other questions and he said "No, that's it."

{¶8} Next the court asked Peterson if he was on felony probation/parole. He responded that he was. The court informed Peterson that he could not make any promises that this plea would not affect his post-release control. Peterson stated "yes" he understood.

{¶9} The court informed Peterson that the court had a waiver form for him to sign that indicated that as the defendant in this case he had "been advised by [his] counsel and by the Court of the charges against [him][.]" The court then asked Peterson if he waived the reading of the indictment. Peterson responded

affirmatively.  The court asked Peterson if he had any questions about the four counts to which he was pleading.  Peterson replied that he had no questions.

{¶10} The court then reviewed with Peterson the constitutional rights that he was waiving by pleading guilty: the right to a trial by jury, representation by counsel, the right to confront witnesses, the right to compel witnesses to testify on his behalf, the right to require the state to prove the charges beyond a reasonable doubt, and the right not to testify against himself.  Peterson confirmed that he intended to waive these rights and to plead guilty.

{¶11} Next the trial court read onto the record each count that Peterson was pleading guilty to as well as his agreement to forfeit $1,032.  The court then confirmed that no one had made any promises or threats to induce him to plead guilty.  Peterson confirmed that he had not been promised anything or been threatened.  Peterson signed the "maximum penalty" and "waiver of rights" forms. The court then asked Peterson about each individual count and how he pled, to which he stated "guilty" to all four counts.

{¶12} The court accepted Peterson's guilty plea and proceeded to sentence him to two years on each of the four counts, with counts 9 and 10 to run concurrent to each other, while counts 4, 5, and 9 to run consecutively to each other, for an aggregate prison term of six years.  The court found that this sentence was pursuant to an agreement of the parties. The court further ordered the forfeiture of $1,032, and reminded Peterson of the possibility of post-release control.  Peterson was also given credit for 462 days of jail time previously served.

**{¶13}** At the very end of the change of plea/sentencing hearing, the court asked if Peterson gave "up any right, title any interest to any firearm that may be found in this case or as result of this case?" Peterson answered "[t]hey found the firearm" and his attorney followed up with "Yeah, they confiscated a firearm." The Court then asked "Okay, So, I can destroy it." Peterson's attorney said "[Peterson] does not claim any interest in it." The Court then indicated that it would "confiscate and destroy the weapon."

**{¶14}** The record contains a document titled "maximum penalty" that displays the possible maximum penalties for each of the four offenses to which Peterson pleaded guilty and has his signature. Also in the record, is a document that is titled: "waiver of rights." It sets forth the constitutional rights that Peterson waived in pleading guilty and restated the four offenses to which he pleaded guilty. It is signed by Peterson. The second page of this document is titled "entry[,]" which states: "The Court finds that the defendant was advised of all applicable Constitutional rights herein, and further finds that defendant understands the nature of the charges and consequence of a guilty plea, and that the guilty plea to each count of the indictment herein was knowingly, voluntarily, and intelligently made." It is signed by the judge, prosecutor, and Peterson's counsel.

**{¶15}** The court issued an entry that stated that on February 19, 2021, the court accepted Peterson's guilty plea to Count 4, having a weapon under a disability; Count 5 tampering with evidence; Count 9, possession of cocaine, and Count 10, aggravated possession of drugs. The entry also imposed the agreed,

aggregate six-year prison term and ordered forfeiture of $1,032 and any firearms that were seized.

{¶16} It is this judgment that Peterson appeals.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED WHEN IT COMPLETELY FAILED TO COMPLY WITH CRIM.R. 11 BY FAILING TO ADVISE MR. PETERSON ABOUT THE NATURE OF THE OFFENSE HE WAS PLEADING TO.

II.     THE ORDER OF FORFEITURE WAS IMPROPER BECAUSE THAT ORDER WAS NOT SUPPORTED BY THE RECORD.

I. First Assignment of Error

{¶17} In his first assignment of error, Peterson claims that his plea was not was not knowing, intelligent, and voluntary.  More specifically, Peterson claims that during his plea the court completely failed to inform him of the nature of the charges that had been filed against him.  Peterson acknowledges that typically a defendant challenging a guilty plea must show that he or she was prejudiced. However, Peterson maintains that if a court *completely* fails to comply with Crim.R. 11(C), the defendant does not need to show prejudice for their petition to be successful.  Therefore, Peterson asks this court to vacate his plea.

{¶18} In response, the state makes several arguments.  First, the state claims that this case involves an agreed sentence.  The state asserts that an agreed sentence is not reviewable on appeal.

{¶19} Next, the state maintains that a plea waives all claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty

plea unless such errors are shown to have precluded the defendant from voluntarily entering his plea.

{¶20} Finally, the state argues that because understanding the nature of the charges by a defendant, as required under Crim.R. 11(C)(2)(a), is a non-constitutional right, literal compliance with Crim.R. 11(C)(2)(a) is not required. Instead, the State must show only substantial compliance with Crim.R. 11(C)(2)(a) for the plea to be voluntary. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his or her plea and the rights they are waiving. The State argues when considering the totality of the circumstances, it is clear that Peterson understood the nature of the charges against him.

{¶21} For all the aforementioned reasons, the State claims that Peterson's plea was voluntary, knowing, and intelligent. Therefore, the judgment accepting his guilty plea should be affirmed.

### A. Law

#### 1. Standard of Review

{¶22} " ' "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." ' " *State v. Keene*, 2017-Ohio-7058, ¶ 16 (4th Dist.), quoting *State v. Leonhart*, 2014-Ohio-5601, ¶ 36 (4th Dist.), quoting *State v. Moore*, 2014-Ohio-3024, ¶ 13 (4th Dist.). "[A]n appellate court conducts a de novo review,

without deference to the trial court's determination." *State v. Blanton*, 2018-Ohio-1278, ¶ 50 (4th Dist.).

## 2. Guilty Pleas

{¶23} "Before accepting a guilty plea, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C)." *State v. Jackson*, 2023-Ohio-3895, ¶ 34 (4th Dist.), quoting *State v. McDaniel*, 2010-Ohio-5215, ¶ 8 (4th Dist.).

> During that colloquy, the court may not accept a plea in a felony case under Crim.R. 11(C)(2) without doing all of the following:
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the *nature of the charges* and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. (Emphasis added)

*State v. Brooks*, 2024-Ohio-420, ¶ 10 (4th Dist.).

## a. Constitutional Rights

{¶24} A trial court must strictly comply with Crim.R. 11(C)(2)(c) when reviewing a defendant's constitutional rights (e.g., right to have a jury trial, the

right to confront one's accusers, etc.).  *State v. Veney*, 2008-Ohio-5200, ¶ 18.

Yet, failure of the trial court to quote the literal language of Crim.R. 11(C)(2)(c)

during a colloquy with the defendant "will not necessarily invalidate a plea.  The

underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to

convey to the defendant certain information so that he can make a voluntary and

intelligent decision whether to plead guilty."  *Id.*, quoting *State v. Ballard*, 66 Ohio

St. 2d 473, 478-479 (1981).

### b. Non-Constitutional Rights

**{¶25}** However, a trial court must substantially comply with Crim.R.

11(C)(2)(a) and (b) when it reviews a defendant's non-constitutional rights (e.g.,

the defendant understands "the nature of the charges and of the maximum

penalty involved").  *Id.* at ¶ 18.  Substantial compliance is achieved "so long as

the totality of the circumstances indicates that " 'the defendant subjectively

understands the implications of his plea and the rights he is waiving,' the plea

may be upheld."  *State v. Clark*, 2008-Ohio-3748, ¶ 31, quoting *State v. Nero*, 56

Ohio St.3d 106, 108 (1990).

**{¶26}** This Court has recognized that " '[s]ubstantial compliance with

Crim.R. 11(C)(2)(a) does not necessarily require a detailed recitation of the

elements of a charge by the court.' "  *State v. Rexroad,* 2023-Ohio-356, ¶ 28 (4th

Dist.), quoting *State v. Hurst*, 2020-Ohio-2754, ¶ 21 (5th Dist.), citing *State v.*

*Wright*, 1995 WL 368319 (4th Dist. June 19, 1995).  "Additionally, there is no

requirement for the trial court to 'explain the elements of the crime to the

defendant at the time of the plea.' " *Id.*, quoting *State v. Nicholson*, 2009-Ohio-3592, ¶ 19 (8th Dist.). Finally, we determined that

> "[i]n order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge." *State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (10th Dist.1982)

*Id.*, quoting *Hurst* at ¶ 21.

### c. Requiring Proof of Prejudice

**{¶27}** "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *State v. Dangler*, 2020-Ohio-2765, ¶ 13, citing *State v. Perry*, 2004-Ohio-297, ¶ 14-15; *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977); Crim.R. 52. However, the Supreme Court has recognized two exceptions to the "prejudice component of that rule in the criminal plea context." *Id.* at ¶ 14. The first one applies when a court "fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* The second is "a trial court's complete failure to comply with a portion of Crim.R.11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22.

**{¶28}** "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *Nero*, 56 Ohio St.3d 106, 108, (1990). "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.*

B. Analysis

**{¶29}** We find that the totality of the circumstances indicate that Peterson was notified of and understood the nature of the charges to which he pleaded guilty.  Peterson's indictment named the criminal offenses, the corresponding statutory provisions, the felony level, as well the as forfeiture specifications for $1,032 as to Counts 7, 8, 9, 10 of the indictment.  The State provided Peterson with discovery and a bill of particulars that set out each criminal count and the corresponding statute defining the offense, felony level, as well as facts describing each respective offense as the state alleged occurred.

**{¶30}** Peterson also signed a "waiver of rights" form, which again listed the four criminal counts to which he was pleading guilty, the corresponding statutes defining those offenses, and the felony levels of each offense.  By signing the "waiver of rights" form, Peterson also acknowledged that he was advised by his counsel and the court of the charges against him, the penalties provided by law, and of his rights under the constitution.

**{¶31}** Further, Peterson signed a "maximum penalty" form that indicated the maximum penalty that he could receive for each of the four counts to which

he pleaded guilty.  Finally, Peterson's counsel signed the second page of the

maximum penalty document, titled "entry[,]" which stated:  "The Court finds that

the defendant was advised of all applicable Constitutional rights herein, and

further finds that *defendant understands the nature of the charges* and

consequence of a guilty plea, and that the guilty plea to each count of the

indictment herein was knowingly, voluntarily, and intelligently made." (Emphasis

added.)

{¶32} At the change of plea hearing, on three separate occasions during

the trial court's colloquy with Peterson, the court recited the four criminal counts

to which Peterson was pleading guilty.  After some questions about the

disposition of Case No. 19-CR-1145 and the court's response that it would be

dismissed, the court asked if he had "any other questions?"  Peterson replied:

"No that's it."

{¶33} After ensuring that Peterson understood the rights that he was

waiving by pleading guilty and ensuring that he had no questions regarding the

charges levied against him, the trial court read each of the four criminal counts

individually and asked Peterson how he pleaded.  Peterson's response to each

of the four queries was "guilty."

{¶34} The court accepted Peterson's guilty pleas and issued an entry that

stated:

> On this 19th day of February, 2021, in open court, came the
> Scioto County Prosecuting Attorney, on behalf of the state of Ohio,
> and the defendant with counsel. The Court finds that the
> defendant was advised of all applicable Constitutional rights
> herein, and further finds that the defendant *understands the*

> *nature of the charges* and the consequences of a guilty plea, and that the guilty plea to each count of the indictment herein was knowingly, voluntarily, and intelligently made. The guilty plea is accepted.

(Emphasis added.)

This entry was signed by the prosecutor, Peterson's counsel, and the trial judge.

{¶35} Finally, the State's response to Peterson's request for discovery shows that Peterson had an extensive criminal record, including 15 convictions for, among other offenses, possession of drugs and having a weapon under a disability. Due to his unfortunate experience in the criminal justice system, Peterson is already familiar with the nature of the offenses of drug possession and having a weapon under a disability, two of the charges to which he pleaded guilty.

{¶36} Under these facts and circumstances, we find that the trial court substantially complied with Crim.R. 11(C)(2)(a) in informing Peterson of the nature of the charges, and that he understood the nature of the charges. Consequently, we reject Peterson's argument that the trial court completely failed to inform him of the nature of the charges against him. Because Peterson's guilty plea was knowing, voluntary and intelligent, we overrule Peterson's first assignment of error.

## II. Second Assignment of Error

{¶37} In his second assignment of error, Peterson asserts that the order of forfeiture was not supported by the record.

{¶38} Regarding the forfeiture of the $1,032, Peterson acknowledges that we have held that a defendant can agree to forfeit property as part of a plea

agreement making compliance with statutory forfeiture requirements unnecessary in *State v. Tolbert*, 2022-Ohio-1159, ¶ 24 (4th Dist.). However, Peterson maintains that *Tolbert* is not applicable in his case because *Tolbert* involved a written plea agreement that reflected that forfeiture was part of the agreement. In the instant case, there is no reference in the written plea agreement to forfeiture. Therefore, Peterson maintains that this court should "defer to the written plea and determine that forfeiture was not part of any agreement."

{¶39} Peterson also argues that there is no indication in the record that forfeiture of $1,032 was part of his guilty plea. In support, Peterson cites the following exchange in which he states the trial court "relay[ed] what it believ[ed] to be the plea, indicating that the count for possession of cocaine contained a forfeiture specification[,]" and then the court goes on to say "[i]t's my understanding that we have an agreed sentence of six years." Peterson's counsel responded: "Correction your honor." Peterson claims that "[i]t is unclear from the record if counsel was indicating that the court was correct about the sentence or the entire recitation of the plea." Therefore, he maintains that there is no clear indication that his guilty plea included forfeiture of the $1,032. Accordingly, he asserts that the forfeiture of $1,032 was improper.

{¶40} Peterson also maintains that the forfeiture of his firearm was not agreed upon. He claims that there was not a firearm *forfeiture* specification in the indictment, and forfeiture of the firearm is not mentioned anywhere during the change of plea hearing. Thus, Peterson claims that he neither agreed to nor was

he aware that the firearm would be subject to forfeiture. Accordingly, he asserts forfeiture of the firearm was also improper.

**{¶41}** In response, the State argues that the indictment contained a forfeiture specification for the $1,032. The State asserts that the plea agreement herein was oral and it was clearly stated on the record during sentencing that Peterson understood that he was forfeiting the $1,032.

**{¶42}** Regarding the firearm, the State maintains that Peterson voluntarily relinquished it so the forfeiture statute does not apply.

**{¶43}** Accordingly, the State moves this court to affirm the forfeiture of the $1,032.00 and the firearm.

A. Law

1. Standard of Review

**{¶44}** Peterson claims that the State failed to comply with the requirements in the forfeiture statutes in executing the forfeitures. "Questions of the application and interpretation of a statute present a question of law we review de novo." *Bandaru v. State*, 2024-Ohio-1490, ¶ 8 (10th Dist.), citing *Turner v. Certainteed Corp.*, 2018-Ohio-3869, ¶ 11. However, Peterson never objected to any such alleged failures during his change-of-plea hearing, which means we employ a plain error analysis. *State v. West*, 2022-Ohio-1556, ¶ 22, citing *State v. Rogers*, 2015-Ohio-2459, ¶ 21-22. Under a plain error analysis, "the defendant bears the burden of 'showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice.' " *Id.*, quoting *State v.*

*Quarterman*, 2014-Ohio-4034, ¶ 16.  "An appellate court has discretion to notice plain error and therefore 'is not required to correct it.' " *Id.*, citing *Rogers* at ¶ 23.

### 2. Forfeiture

**{¶45}** Pursuant to R.C. 2981.03(A)(2), "a law enforcement officer may seize property that the officer has probable cause to believe is property subject to forfeiture."  " 'Property subject to forfeiture' is defined to include 'contraband', 'proceeds', and 'instrumentalities' involved in the commission of a felony.' "  *State v. Cave*, 2015-Ohio-2233, ¶ 37 (4th Dist.), citing R.C. 2981.01(B)(13) and R.C. 2981.02(A).  "A prosecuting attorney may choose to pursue forfeiture of seized property in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both."  *Id.* at ¶ 38, citing R.C. 2981.03(F).  "Criminal forfeiture is initiated by including in the charging instrument a specification of the type described in R.C. 2941.1417, or by providing the defendant with prompt notice, in conformity with Crim.R. 7(E)[.]"  *Id.*  "In a criminal forfeiture proceeding, where the specification was included in the charging instrument and the defendant pleads guilty to or is convicted of an offense, '*the trier of fact* shall determine whether the person's property shall be forfeited.' " (Emphasis sic.) *Id.* at ¶ 39, citing R.C. 2981.04(B) and R.C. 2941.1417(B).

**{¶46}** However, this Court and others have recognized that "when [a] defendant enters a plea agreement calling for the forfeiture of seized property, adherence to the statutory procedures [is] unnecessary."  *State v. Compton*, 2021-Ohio-3106, ¶ 19 (8th Dist.), citing *State v. Eppinger*, 2011-Ohio-2404, ¶ 9 (8th Dist.), citing *Chappell*, 2010-Ohio-2465 ¶ 37-38 (8th Dist.); *State v. Gladden*,

86 Ohio App.3d 287 (1st Dist.1993); *State v. Tolbert*, 2022-Ohio-1159 (4th Dist.); *State v. Hunter,* 1989 WL 80515 (9th Dist. July 19, 1989). "In other words, '[w]hen property is forfeited through a plea agreement, the forfeiture is "not effectuated by operation of the statutory provisions governing forfeiture of contraband, but rather by the parties' agreement." ' " *Id.*, quoting *State v. Glanton*, 2020-Ohio-834, ¶ 15 (6th Dist.), quoting *State v. Sammor*, 2008-Ohio-4847, ¶ 7 (9th Dist.). For example, we recognized infra, criminal forfeiture is initiated by including in the charging instrument a specification of the type described in R.C. 2941.1417, or by providing the defendant with prompt notice, in conformity with Crim.R. 7(E). These statutory requirements would not be necessary if forfeiture was made part of the defendant's plea agreement.

{¶47} A person can also abandon their property, which occurs when the property's " 'owner has relinquished all right, title, claim, and possession with the intention of not reclaiming it or resuming its ownership, possession or enjoyment.' " *Labay v. Caltrider*, 2005-Ohio-1282, ¶ 22 (9th Dist.), quoting *Doughman v. Long*, 42 Ohio App.3d 17, 21 (12th Dist. 1987). Similar to a property forfeiture that is part of a plea, a court may order forfeiture of abandoned property without needing to comply with statutory forfeiture requirements. *See State v. Gloeckner*, 1994 WL 111337, *5 (4th Dist. March 21, 1994). "In *Gloeckner*, the defendant did not object to the forfeiture of his vehicle and, therefore, voluntarily relinquished the vehicle as a part of the plea agreement. We held that no forfeiture statute applied to the relinquishment." *Tolbert* at ¶ 22, citing *Gloeckner* at *5.

B. Analysis

1. Forfeiture of the $1,032

**{¶48}** As we recognized infra, a number of Ohio courts, including this one have held that if forfeiture is part of the defendant's plea bargain, compliance with statutory requirements is unnecessary. *See* e.g., *Tolbert*, 2022-Ohio-1159 (4th Dist.). Peterson maintains that the reasoning in *Tolbert* does not apply herein because that case involved a written plea and the offense was drug trafficking. Neither *Tolbert* nor the other cases cited infra, expressly limit their holdings to written pleas. Rather, critical in determining whether the forfeiture is permissible is whether there is evidence that the forfeiture was part of the defendant's plea agreement. That the charges in the two cases differ is of no consequence in determining whether *Tolbert* applies herein. Consequently, even absent an indication in a written plea agreement that forfeiture is part of the plea, if other evidence shows that the forfeiture was part of the plea, compliance with statutory requirements for forfeiture is unnecessary. Therefore, the trial court did not err, let alone commit plain error, in finding that Peterson's plea included forfeiture of the $1,032 even though it was not reflected in a written plea agreement.

**{¶49}** Written documents aside, Peterson also asserts that there is no evidence in the record that forfeiture of the $1,032 was part of his guilty plea. In addition to counts 4 and 5, Peterson also pleaded guilty to counts 9 and 10. Each of those counts included a specification indicating that Peterson would forfeit $1,032. Moreover, during the change-of-plea hearing, the court several times alluded to the fact that Peterson's plea agreement included the forfeiture of

$1,032 that was confiscated as contraband when he was arrested.  Peterson never objected to the forfeiture.  In fact, in its initial discussion about the forfeiture being part of Peterson's guilty plea, the court mistakenly stated that the amount of the forfeiture was $132, which resulted in the following exchange: Defense counsel: "Is it a $1,032 or $132?"  Peterson: "Thousand."  Court: "No, I am sorry it is $1,032."

{¶50} If Peterson did not believe that his plea included a forfeiture of $1,032, then he had ample opportunity to object but neither he nor his attorney did so.  Therefore, we find the record supports that Peterson understood that forfeiture of the $1,032 was part of his plea agreement.  Accordingly, we reject his argument that his guilty plea did not include forfeiture of $1,032.

2. Forfeiture of the Firearm

{¶51} Counts 1 through 4 of Peterson's indictment contained specifications that indicated that Peterson possessed, brandished, used, etc., a firearm during the commission of those offenses, but there was no specification seeking forfeiture of the firearm.  During the change-of-plea hearing, the trial court dismissed the firearm specification that was attached to Count 4 having a weapon while under a disability.  There was no discussion during the hearing that forfeiture of a firearm would be part of Peterson's guilty plea.  The court accepted Peterson guilty plea, imposed sentence, and adjourned court.

{¶52} However, immediately after adjourning court, the court asked Peterson's counsel "does [Peterson] give up any right, title any interest to any firearm that may be found in this case or as a result of this case?"  The court

further asked if the firearm could be destroyed. Counsel confirmed that a firearm had been confiscated and told the judge that Peterson "does not claim any interest in it."

{¶53} Unlike the $1,032, the firearm was not discussed as being part of Peterson's guilty plea. However, when considering the court's inquisition as to whether the firearm could be destroyed and counsel's response that Peterson does not claim an interest in the firearm, counsel's response cannot be interpreted as anything less than abandonment of the firearm. *Caltrider*, 2005-Ohio-1283, ¶ 22 (9th Dist.) On appeal, Peterson does not argue that his counsel lacked authority to speak to the judge regarding disposition of the firearm. Accordingly, because Peterson, through his counsel, voluntarily relinquished ownership of the firearm, the trial court did not err in not applying the requirements of the forfeiture statutes. Therefore, we overrule Peterson's argument that the trial court erred in ordering forfeiture of the firearm.

{¶54} Accordingly, we reject Peterson's argument that the court erred in ordering forfeiture of the $1,032 and the firearm. The record reflects that the forfeiture of the $1,032 was part of the plea agreement and any ownership of the firearm was voluntarily relinquished by Peterson. Consequently, we overrule his second assignment of error.

CONCLUSION

{¶55} Having overruled both of Peterson's assignments of error, we affirm the trial court's judgment entry of conviction.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and the appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

P.J., Smith and Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
Kristy S. Wilkin, Judge


## NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**